Patrick J. Pioariello, J.
This holdover proceeding is predicated upon respondents’ breach of a covenant in the subject proprietary lease, viz: “ in that your shares of stock of 150 East 73rd Street Corporation [the petitioner] have been levied upon under court process ”. Vide, notice of expiration of term dated November 12, 1968.
*641 It appears that four judgment creditors have served petitioner with executions with notice to garnishee the interest of the respondents in the said shares of stock. The fact that judgments which propelled these executions were obtained and entered on respondents’ defaults to appear and answer in the respective cases is of no moment in this proceeding. The further fact that the respondent wife has been successful in having the judgments in three of the cases vacated or satisfied as against her is also of no importance here.
Respondent wife puts in contention the validity and legal effect of these executions in view of the fact that the shares of stock had been pledged to her late father in order to enable respondents to purchase the said stock.
Admitted in evidence was a communication dated September 7, 1967 on the letterhead of the petitioner’s corporate agent giving respondents approval and permission to pledge both the shares of stock and the proprietary lease as security for the loan. Although this court is not concerned with whether or not permission was so granted, the court looks upon the petitioner with askance at its nescient posture with respect to this document. It could very easily have confirmed or repudiated its authenticity instead of taking a ‘1 know nothing about it ’ ’ attitude.
Be that as it may, the court finds as a fact that the shares of stock were indeed pledged to respondent wife’s deceased father. Under such circumstances, what effect, if any, did the executions have on respondents’ interest therein? None. The shares of stock having been issued by the petitioner and being outstanding, it appears to this court that the pledgee of the stock is the proper garnishee. (Vide, CPLR 5201, subd. [c], par. 4.)
Did the respondents breach the subject covenant on the facts in this case? Before proceeding to answer this question, it behooves the court to ascertain the aims and designs of the petitioner when it incorporated the subject covenant in the lease agreement. The court assumes that the petitioner’s principal reason for this covenant was to insure unto itself the preservation of complete selectability in the identity of its participating shareholders and the eligibility of the lessees of the subject housing accommodation. This, the court believes, was the “be-all and end-all ’ ’.
Was this aim, this design, frustrated by respondents’ alleged breach of the subject covenant? This court thinks not. For, by the pledge, the stock had been placed beyond the reach of the judgment creditors. Within this context, the executions are rendered nugatory and ineffectual. Thus, the intent and design *642 to accomplish which the petitioner incorporated the subject covenant in the lease are conserved and perpetuated and the covenant itself, by reason of the pledge, embalmed.
The rights and obligations of the parties under the lease can be determined only in the light of the purposes and interests of 1he respective parties, both express and implied. The fiduciary duty of the petitioner includes treating all its members in a fair and equal manner. Whether or not the petitioner herein has discharged this duty toward the respondents on the record in this case which includes an attempt legally to justify the validity of the executions and to litigate and put in issue respondents’ pledge of the shares of the stock, is open to serious question.
Among other considerations and under the circumstances of this case, a forfeiture of this very valuable leasehold will do violence to this court’s basic considerations of justice and equity. Moreover, petitioner has failed to show any prejudice or damages by reason of the aforesaid executions.
In view of the above, the court passes upon no other issue in this proceeding.
Petition dismissed on the merits with costs.